# OPINIONS OF THE JUSTICES.

OPINION OF THE JUSTICES TO THE ACTING GOVERNOR.

*Constitutional Law*, Initiative.  *Governor.  General Court.*

Following votes by the two houses of the General Court rejecting orders
to call a joint session for consideration of a proposed initiative amend-
ment to the Constitution, the Governor was obligated under art. 48
of the Amendments to the Constitution, The Initiative, IV, § 2, as
amended by art. 81, to call a joint session of both houses for a date not
later than the second Wednesday in May of the current session in
order to lay the proposed amendment before the General Court.

On May 12, 1969, the Justices submitted the following
answers to questions propounded to them by the Acting
Governor.

To His Honor, the Acting Governor of the Common-
wealth:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in a request
dated May 9, 1969, and submitted to us on the same date.

Our opinion is sought concerning the legal power and ob-
ligation of the Governor under art. 48 of the Amendments
to the Constitution of the Commonwealth as amended by
art. 81 of the Amendments in respect of calling a joint ses-
sion of the General Court for consideration of a proposal for
a specific amendment to the Constitution introduced by
initiative petition.

The proposal is entitled "An Initiative Amendment to
the Constitution Providing for the Reduction of the House
of Representatives to One Hundred and Sixty Members and
Providing for a Decennial Division of the Commonwealth

into Representative and Senatorial Districts." This proposal, which was the subject of *Cohen* v. *Attorney Gen.* 354 Mass. 384, was transmitted to the Clerk of the House of Representatives by the Secretary of the Commonwealth on January 3, 1968; was designated House No. 3766 of 1968; was referred to the Joint Committee on the Judiciary, which after hearing reported it with an adverse recommendation; was laid before a joint session of both Houses on May 7, 1968, action being postponed; received the necessary vote under the provisions of the Constitution on June 5, 1968; and was as a result referred to the next General Court (which is the present General Court).

In the present session of the General Court the proposal has been designated House No. 300, and was assigned to the Joint Committee on the Judiciary, which held a public hearing thereon on April 7. An order to call a joint session for Wednesday, May 14, was rejected by vote of the House of Representatives on May 6. An identical order was rejected by vote of the Senate on May 7.

The Acting Governor states that he is in doubt as to his power and obligation under the Constitution.

The questions are:

"1. Does the Governor have (a) the legal obligation or (b) the authority under art. 48, The Initiative, IV, § 2, as amended by art. 81, to call a joint session of the General Court in order that the above-described initiative amendment may be laid before it?

"2. If the answer to either branch of question 1 is affirmative, must such joint session be called for a date not later than May 14, 1969, being the second Wednesday in May of the first annual session of the present General Court?"

The decisive portion of art. 48, as amended by art. 81, of the Amendments is: "If a proposal for a specific amendment of the constitution is introduced into the general court by initiative petition . . . , such proposal shall, not later than the second Wednesday in May, be laid before a joint

session of the two houses . . . ; and if the two houses fail to agree upon a time for holding any joint session hereby required, or fail to continue the same from time to time until final action has been taken upon all amendments pending, the governor shall call such joint session or continuance thereof."

In *Opinion of the Justices,* 334 Mass. 745, 757 (1956) the Justices said, "If the proposal has not been seasonably laid before any joint session, and the two houses fail to agree upon a time for holding any such session we think the Governor must call such a session, so that the proposal may be laid before it not later than the second Wednesday in May of the year in which the proposal was introduced. He may call subsequent joint sessions if necessary, and if the houses fail to agree upon them."

The statement of the Justices is clear and unless we repudiate it, we must answer both questions in the affirmative. In view of the clear language of art. 81 we are of opinion that no other answer could reasonably be made. See to similar effect *Opinion of the Justices,* 237 Mass. 589, 590–591 (1921); *Opinion of the Justices,* 318 Mass. 793, 796–797 (1945).

To question 1 we answer, "Yes."
To question 2 we answer, "Yes."

RAYMOND S. WILKINS.
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.